# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| BRUCE L. FECHNAY, | : | Bankruptcy No. 07-14418DWS |
| Debtor. | : | |
| | : | |
| LYNETTE TAYLOR, | : | Adversary No. 08-0060 |
| Plaintiff, | : | |
| v. | : | |
| BRUCE FECHNAY, | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is Plaintiff's Motion to Strike Answer and/or Entry of an Order for Sanctions (the "Sanctions Motion").[1]  For the reasons that follow, the Motion shall be granted in part.

---

[1] Because Defendant did not appear for the hearing on the Motion, I allowed both parties to make a record on Affidavits with documentary support. I also take judicial notice of the docket of this adversary proceeding and the Orders entered therein. Fed. R. Evid. 201.

**BACKGROUND**

This adversary proceeding was initiated by Lynette Taylor ("Plaintiff") on March 18, 2008 against Debtor/Defendant Bruce Fechnay ("Defendant"). The gravamen of the complaint is that Defendant, a clinical psychologist, engaged in inappropriate sexual conduct while Plaintiff was his patient in 2005.[2] The Complaint alleges that Defendant's conduct was malicious and intentional and that Plaintiff's claim for resulting injury should therefore be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Defendant filed an Answer to the Complaint denying all the substantive allegations of the Complaint.

On April 28, 2008 with the matter joined, I entered a pretrial order which, inter alia, set a discovery schedule, a date for the filing of a joint pretrial statement and a final pretrial/settlement conference. Doc. No. 5. On April 29, 2008, the day after the initial pretrial order was entered Plaintiff served Interrogatories and Request for Documents. Certification of Plaintiff's counsel, Timothy P. Duggan, Esq., ("Duggan Cert.") ¶ 5, Exhibits A-B. Defendant's deposition was initially scheduled for June 17, 2008. Duggan Cert. ¶ 6, Exhibit C. On June 9, 2008 with the discovery cut-off imminent, Defendant requested that the deposition be adjourned. Plaintiff agreed on the condition that a firm rescheduled date would be fixed and the pretrial schedule extended. The deposition was rescheduled by agreement to July 10, 2008. Duggan Cert. ¶ 7, Exhibits D-F. On June 12, 2008 a consent order was filed providing an additional thirty days to the

---

[2] From statements of counsel, I understand that Plaintiff has filed a complaint in the state court, but that it has not progressed beyond the pleading stage as a result of the automatic stay.

overall schedule. Doc. No. 7. Under the amended pretrial order, the discovery cut-off date was July 25, 2008 and the joint pretrial statement was due August 8, 2008. Id.

On June 2, 2008, the response date for the April 29, 2008 discovery, Plaintiff's counsel sent the first letter reminding of the outstanding discovery; asking that if there was a valid reason for noncompliance, counsel be informed and noting that otherwise failure to respond would result in a motion to compel. Duggan Cert., Exhibit G.[3] There was apparently no response but no motion was then filed. In a subsequent letter to Defendant's counsel dated June 24, 2008 confirming the July 10 deposition date agreed to by Defendant, Plaintiff's counsel noted the Defendant's failure to respond to the previously served interrogatories and document requests and again allowed further time for compliance to be had within the following week. Duggan Cert., Exhibit F. The subject was revisited by e-mail on July 1 when Duggan noted the non-receipt of the discovery and the imminence of the deposition for which they were necessary. Production was demanded by the end of business the following day or a motion would be filed. Duggan Cert., Exhibit H.

As of July 2, 2008, Defendant's counsel Christopher Pfaff, Esquire ("Pfaff"), reported to Duggan that he had still not received Defendant's responses or documents, and inquired if the upcoming deposition would go forward. Duggan Cert., Exhibit I. Duggan confirmed that the deposition would go forward on July 10 due to the upcoming discovery deadline of July 25 and asserted: "We will be filing a discovery motion ASAP." Id. Duggan Cert. ¶¶ 10-11, Exhibits F-I. Defendant called Duggan the morning of the deposition and said

---

[3] A second letter sent the same day noticed Defendant's deposition and urged interrogatory answers and document production prior to that event. Duggan Cert., Exhibit C.

-3-

he could not appear. Duggan Cert. ¶12. However, it appears that Pfaff had not gotten the message as he appeared at Plaintiff's counsel's office. A discussion he allegedly had with Edward Shensky, Esquire, the lead partner on this matter, provides Defendant with his other excuse for non-compliance. According to Defendant's lead counsel, David A. Scholl, Esquire ("Scholl"), by reason of a hearsay communication from Pfaff of that conversation, he believed that notwithstanding the Plaintiff's written insistence to obtain his discovery, the availability of insurance coverage was going to determine whether Plaintiff would pursue the litigation further. Certification and Argument in Opposition to Plaintiff's Motion for Sanctions by Counsel for the Debtor David A. Scholl ("Scholl Cert.") ¶ 7.

On July 22, 2008, Plaintiff filed the Motion that his counsel had advised would follow based on Defendant's failure to respond to Interrogatories and a Notice to Produce Documents and failure to appear at his deposition. It was listed for hearing originally on August 19, 2008. However, the subject was addressed at the previously scheduled August 12 pretrial conference where Scholl reported that Defendant was not responding to inquiries from his own counsel, and stated that Defendant was experiencing emotional or psychological issues. Whether this statement is based upon any professional diagnosis or counsel's own perceptions is simply unclear. In any case, no evidence was proffered then or at the subsequent hearing on the Sanctions Motion. The conference was rescheduled to September 2, the same date as the hearing on the Sanctions Motion.

On September 2, Defendant's counsel reported that Defendant had been hospitalized over the weekend. This fact has been corroborated by a letter from his physician to

Scholl dated August 28, 2008. Exhibit A to Scholl Cert. Once again Plaintiff's counsel agreed to postpone the hearings, i.e., to October 7, 2008. However, on October 7, Defendant again failed to appear, despite having advised his counsel that he would be present. At approximately 12:45 p.m., upon completion of the morning's hearing list, Defendant had still not appeared and his counsel was before another judge in this Court. After a colloquy with Plaintiff's counsel and having completed the morning's hearings, I took the Sanctions Motion under advisement and allowed both parties the opportunity to file supplemental documents and affidavits. At approximately 2:00 p.m., Defendant's counsel returned to my courtroom for trial on a separate matter and stated that his client had appeared somewhere in the courthouse. No explanation was then provided as to why Defendant did not come to my courtroom, which was clearly identified on Notice of Motion, nor did Defendant appear with his counsel at 2:00 p.m. to personally explain his absence. Defendant's counsel now states that in his absence, Defendant did not think he should enter the courtroom. Scholl Cert. ¶ 12.[4]

Defendant's counsel has provided a certification attesting that Defendant has now complied with the written discovery requests, attaching as evidence a cover letter dated October 17, 2008. Scholl Cert. ¶ 14 and Exhibit B. This appears to be supported by the supplemental certification of Plaintiff's counsel, Tyler Tomlinson, Esq. ("Tomlinson Cert."), dated October 20, 2008, which states: "Today, certain documents were dropped

---

[4] Notably there is no affidavit from Defendant, and the Court has never heard from him on any of these matters.

-5-

off at my office. I have not had an opportunity to review them." Tomlinson Cert. ¶ 7. Neither party has stated whether any attempt has been made to reschedule Defendant's deposition.

In defense of the Sanctions Motion, Defendant, by his counsel, asserts his compliance, albeit late, with the interrogatories and document requests and willingness to sit for his deposition. The Tomlinson Certification indicates receipt of documents on October 20, the date before the submissions were due from the Movant/Plaintiff. According to Defendant's counsel, the discovery was finally prepared during two extended visits to counsel's office following the October 7 hearing. Scholl Cert. ¶ 14. Scholl thus argues that the filing of the Sanctions Motion, without further discussion or effort to reschedule the deposition, was premature.

**DISCUSSION**

Plaintiff seeks relief pursuant to Rule 37(d) of the Federal Rule of Civil Procedure,[5] Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection, which states:

(1) In General.

(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

(I) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after

---

[5] Rule 37 is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7037.

>being served with proper notice, to appear for that person's deposition; or
>
>(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>. . .
>
>(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court <u>must</u> require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). Subsection (b)(2)(A) is non-exclusive list of potential sanctions, including the relief requested by Plaintiff: striking of the Answer to the Complaint and default judgment. Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). These sanctions are somewhat entwined in that the striking of the Answer would result in the well pled averments of the Complaint to be admitted and presumably give rise to a judgment by default under Fed. R. Civ. P. 55(a), incorporated here by Fed. R. Bankr. P. 7055.

The Third Circuit Court of Appeals has held that dismissals with prejudice or judgments by default, while a matter of discretion by the trial court, are nevertheless "extreme sanctions" that should be applied sparingly. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984). Courts should consider the following factors before imposing such a sanction:

>(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u>  As applied to the facts above, I make the following findings.

(1) <u>Defendant's personal responsibility</u>.  This factor looks to whether the discovery failures are attributable to the Defendant as opposed to his counsel.  Defendant attributes his over four months of delay in compliance with discovery obligations to certain illness, medical as well as emotional and psychological.  The only support Defendant offers for a medical problem is a letter from his physician regarding his hospitalization for acute renal failure in September.  Scholl Cert. ¶ 12 and Exhibit A.  While this excuses his attendance at the September 2 hearing, it is wholly insufficient to justify his failure to attend the deposition two months earlier, which had already been rescheduled then at his request.  I cannot help but note Defendant's complete and utter failure to explain his inaction, either at the hearing on the Motion or through a supplemental affidavit.  The justifications and explanations are provided by Scholl.  How easily it would have been for Defendant to submit an affidavit setting forth the relevant facts.  His disengagement in this process continued through this Sanctions Motion.  As such, I must disregard his counsel's unsupported assertion of mental and/or emotional problems.  Moreover, given Defendant's sudden ability to complete the discovery in two meetings between October 7 (the date of the hearing) and October 20 (the date of production), it is clear that timely compliance could have been obtained by July 22, 2008, the date the Sanctions Motion was filed.  Moreover, it appears that only the Sanctions Motion prompted him to do what he was required to do under discovery rules and Orders of this Court.  In this sense, I find that the failures are attributable to the Defendant personally.

On this record, it is hard to assess what role counsel's asserted but misguided views of Defendant's responsibilities contributed to the problem, In his Certification, Scholl states his belief, gleaned through his associate Pfaff, that Plaintiff would not proceed with the litigation absent confirmation of insurance, presumably to pay a judgment on a non-dischargeable claim.  While not a valid justification, if this was communicated to Defendant as a basis for non-compliance, his personal responsibility would be lessened.  However, as Defendant has never averred that to be the case and given Scholl's statements to me that his client had not been in contact with him notwithstanding his outreach, I cannot shift the blame to counsel.  Moreover, the alleged conversation between Pfaff and Shensky regarding insurance occurred on July 10, when the discovery was already long overdue.

(2)  <u>Prejudice.</u>  Examples of prejudice under the <u>Poulis</u> factors include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 876 (3d Cir. 1984).  This factor weighs against Plaintiff who has simply failed to identify <u>any</u> prejudice that must be ameliorated by the sanction that she seeks. While the efforts that her counsel has had to expend to secure the discovery responses finally obtained were more costly than should have been the case, in the absence of showing that they are incomplete, the appropriate sanction is monetary.  Given the Defendant's recent enlightenment to his discovery obligations as evidence by the October document production, I cannot conclude at this juncture that he will not appear for his deposition.  Scholl Cert., Joint Pretrial Statement.

(3) <u>History of dilatoriness</u>.  Plaintiff's submissions reflect repeated efforts by her counsel to obtain the needed discovery and a clear indication that the deposition was to proceed even if the Defendant continued to fail to comply with the written discovery requests.  Duggan Cert. ¶¶ 10-11, Exhibits F-I.  Plaintiff demonstrated restraint by taking repeated informal steps to secure her requested discovery but when pressed with an already extended discovery cut-off and no discovery, she was compelled to file the Sanctions Motion.

(4) <u>Bad Faith Conduct</u>.  Defendant's unexplained failures certainly raise questions as to his good faith.  Lack of Respect for the Federal Rules and Court Orders that govern litigation implicate the integrity of the judicial process, burden opposing parties and the Court and cannot be tolerated.  While Defendant explained his failure to appear at the September 2 hearing with a doctor's note, his last minute cancellation of his attendance at the rescheduled deposition and inaccessibility to his attorneys has never been documented or supported to this day.

(5) <u>Meritorious of Defense</u>.  With respect to the merits of this adversary, the state of the record is inconclusive.  Given that the allegations of the Complaint involve conduct occurring in the privacy of a counseling sessions, the outcome will clearly turn on the credibility of the parties' testimony.

(6) <u>Availability of Alternative Sanctions</u>.  Finally and most significantly in this case, as suggested above, I cannot conclude that lesser sanctions will not be effective to address the discovery abuses I have found.  Plaintiff has sought no other relief save for the extraordinary sanction of striking the Complaint and entering a default judgment.

-10-

<u>Adversary No. 08-0060</u>

Weighing the <u>Poulis</u> factors, I do not find that such a grave sanction is warranted. However, Defendant has demonstrated a cavalier attitude toward his obligations as a party to this action and therefore some sanction is warranted to ensure his future compliance. Defendant's counsel has certified that his client is willing to attend a deposition. Scholl Cert. ¶ 14. He will do so by a date certain or he will be precluded from testifying on his behalf at trial. Nor should Plaintiff have to bear the expenses of this Sanctions Motion which was necessary to gain discovery compliance after many informal requests were made. Thus, I will order Defendant to pay the attorneys' fees and costs of this Motion. Should Defendant not appear at the court-scheduled deposition and Plaintiff have to file a further motion to preclude his testimony, Defendant will pay for those costs as well.

    An Order consistent with this Memorandum Opinion shall be entered.

                                            DIANE WEISS SIGMUND
                                            United States Bankruptcy Judge

Dated: November 12, 2008